**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NORTHLAND CAPITAL FINANCIAL SERVICES, LLC, a Minnesota limited liability, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-07352 |
| v. | ) ) | Hon. Judge Manish S. Shah |
| | ) | |
| TOTO EXPRESS LLC, an Illinois limited liability company, FUGASO LLC, an Illinois limited liability company, POWER BURN CAPITAL LLC, an Illinois limited liability, and ANDREI TONCU, | ) ) ) ) ) ) | Hon. Magistrate Judge Maria Valdez |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiff, Northland Capital Financial Services, LLC ("Plaintiff" or "Northland Capital"), by its attorneys Quarles & Brady LLP, pursuant to Fed. R. Civ. P. 56, Local Rule 56.1, and the Court's minute entry of March 18, 2026 [Dkt. 52], moves the Court (the "Motion") for entry of final judgment and an award of damages against Defendants Toto Express, LLC ("Toto Express"), Power Burn Capital LLC ("Power Burn"), Fugaso LLC ("Fugaso") and Andrei Toncu ("Toncu", collectively, the "Defendants") as to Count I (Breach of Contract – Equipment Lease against Toto), Count III (Breach of Contract – Fugaso Guarantees), Count IV (Breach of Contract – the Power Burn Capital Guarantees), and Count V (Breach of Contract – Toncu Continuing Guarantees) of its Complaint. In support of its Motion, Plaintiff shows the Court as follows:

**Relevant Procedural History**

1.      On or about August 16, 2024, Plaintiff filed its Complaint against the Defendants. [Dkt. 1.]

QB\102133768.1

2.      On or about August 1, 2025, Plaintiff filed its Motion for Summary Judgment seeking $172,416.16 in damages plus additional attorneys' fees and costs.  [Dkt. 40.]

3.      In support of its Motion for Summary Judgment, Plaintiff filed the Declaration of Vince Drobniak (the "Drobniak Declaration") establishing its damages.  [Dkt. 41-1.]

4.      On or about February 24, 2026, the Court issued its Memorandum Opinion and Order (the "Summary Judgment Order") granting Plaintiff summary judgment as to liability.  [Dkt. 50.]

5.      In the Summary Judgment Order, the Court concluded that the Defendants owe at least $93,082.72 on Lease 002 and $42,080.56 on Lease 1993G, based on the undisputed facts established in the Drobniak Declaration.  [Dkt. 50, p. 19.]

6.      This Motion is being filed pursuant to the Court's minute entry of March 18, 2026, directing Plaintiff to file a motion proving up its damages.  [Dkt. 52.]

**Prove-Up of Damages**

7.      This Motion addresses certain issues identified in the Summary Judgment Order which are not disputed issues of material fact.

8.      The Court noted a discrepancy as to the amount of insurance cost. As the undersigned counsel explained at the status hearing on March 18, 2026, he made a typographical error in the Drobniak Declaration.   The correct amount of insurance on Lease 002 is $908.94, not $9,088.94.[1]   The total figures due on each lease were nonetheless correctly tabulated in the Drobniak Declaration.

9.      Plaintiff has asserted the following damages, established by the Drobniak Declaration, and which are not factually in dispute:

---

[1] In other words, counsel accidently inserted an extra "8" into this figure.

**24972-002**

| | |
|---|---|
| Unpaid Balance | $167,406.74 (43 unpaid payments of $3,893.18) |
| Residual | $17,700.00 |
| Late Fees | $3,003.98 |
| Insurance | $908.94 |
| Collection Fees | $250.00 |
| Legal Fees | $6,197.00 (Through 1/31/25) |
| Repossession Fees | $1,290.00 (Cleaning and Unstacking) |
| Selling Cost | $10,935.00 (Auction Fees $3,645.00 per trailer) |
| Sale of Equipment | -$96,000.00 (Sold for $32,000.00 each) |
| **Total Due** | **$111,691.66** |

**1993G**

| | |
|---|---|
| Unpaid Balance | $167,406.74 (43 unpaid payments of $3,893.18) |
| Residual | $17,700.00 |
| NSF Fee | $35.00 |
| Late Fees | $2,391.82 |
| Insurance | $943.94 |
| Legal Fees | $6,197.00 (Through 1/31/25) |
| Collection Fees | $500.00 |
| Repossession Fees | $430.00 (Cleaning and Unstacking) |
| Selling Cost | $6,120.00 ($2,475.00 sale commission, $3,645.00 Auction Fees) |
| Sale of Equipment | -$141,000.00 ($59,500.00 Insurance Claim, $49,500.00 Sale, $32,000.00 Auction) |
| **Total Due** | **$60,724.50** |

(Drobniak Dec. ¶ 43, [Dkt. 41-1.]),

3

10.     There is a legal dispute regarding Plaintiff's claim of residual value.   In the Summary Judgment Order, the Court reasoned that Plaintiff is not entitled to residual because the leases should be characterized as loans, citing *Orix Credit All., Inc. v. Pappas¸* 946 F.2d 1258, 1263 (7th Cir. 1991).  Respectfully, the *Orix* case is distinguishable because there is no indication that the parties in the *Orix* case stipulated that the subject lease was a finance lease within the meaning of Article 2A of the Uniform Commercial Code.   Furthermore, the plaintiff in the *Orix* case also claimed late charge at an interest rate of 24% on top of its 20% residual value claim.   *Id*.

11.     In the present case, the Court has characterized the residual value as "nominal", and, unlike the plaintiff in the *Orix* case, Plaintiff is not seeking excessive late charges.   Even if the leases are characterized as loans, Plaintiff should be entitled to the damages stipulated by the parties in the leases.

12.     Finally, Plaintiff submits the Supplemental Declaration of Jeffrey M. Monberg establishing the reasonable attorneys' fees and collection costs incurred by Plaintiff from June 17, 2024, through April 22, 2026, attached hereto as **Exhibit 1** and includes all attorneys' fees and costs from the inception of this case to date.

13.     Plaintiff has incurred attorneys' fees of $45,296.50 and collection costs of $1,305.00 enforcing its rights under the leases.   The Drobniak Declaration already includes legal fees of $12,394.00 ($6,197.00 per lease) paid to Quarles & Brady LLP.   Therefore, Plaintiff requests $32,902.50 in additional attorneys' fees charged by Quarles & Brady LLP not already included in the Drobniak Declaration, plus collection costs in the amount of $1,305.00.

WHEREFORE, Plaintiff requests that this Court:

A.     Award Plaintiff money damages against the Defendants Toto Express, LLC, Fugaso LLC, Power Burn Capital LLC, and Andrei Toncu, jointly and severally,

4

as Counts I, III, IV and V of its Complaint,[2] in the amount of $172,416.16, plus additional attorneys' fees in the amount of $32,902.50, plus collection costs in the amount of $1,305.00, plus post-judgment interest at the rate set forth in 735 ILCS 5/1303;

B.  Grant such other and further relief as may be necessary and appropriate under the circumstances.

Respectfully submitted,

QUARLES & BRADY LLP

By: ___/s/ *Jeffrey M. Monberg*___
Jeffrey M. Monberg (ARDC #6270295)
QUARLES & BRADY LLP
155 N. Wacker Drive, Suite 3200
Chicago, Illinois 60606
Phone: (312) 715-5162
Fax: (312) 715-5155
jeff.monberg@quarles.com

*Attorneys for Plaintiff*

---

[2] Plaintiff has withdrawn Count II (Replevin of Trailer No. 6) and Count VI (Detinue as to Insurance Check).

QB\102133768.1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 22, 2026, a copy of the foregoing was filed electronically. Notice of this filing has been sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_/s/ Jeffrey M. Monberg_

6

QB\102133768.1